UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIJAH LEE HAWTHORNE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-8681** |
| **WARDEN STEWARD MURPHY** | **SECTION: "F" (3)** |

**O R D E R**

Plaintiff has filed a motion to amend his complaint in this civil action. Rec. Doc. 14. Because a responsive pleading has already been served and there has been no written consent to the proposed amendments, plaintiff may amend his complaint only by leave of this Court. Fed.R.Civ.P. 15(a). For the following reasons, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

To the extent that plaintiff is seeking to amend his prayer for relief to include a demand for $100,000 in damages for mental anguish, that request is **GRANTED** and the complaint is deemed to be so amended.

To the extent that plaintiff is seeking to amend the complaint to identify Roy Liuzza, Chase Zaffuto, and Tray Drago as *witnesses* to the alleged constitutional violation,[1] that request is **GRANTED** and the complaint is deemed to be so amended.

---

[1] Plaintiff does not indicate that he desires to add those individuals as defendants.

To the extent that plaintiff is seeking to amend the complaint to add Warden Randy Pinion as a defendant, that request is **DENIED**. In ruling on a motion to amend, the Court may consider, *inter alia*, the futility of the proposed amendments. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). For the following reasons, it would be futile to allow the proposed amendment because plaintiff has failed to state a claim against Pinion.

For Pinion to be held liable in this action in his individual capacity, he must have been personally involved in alleged constitutional violations. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Further, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). There is no allegation that Pinion had any personal involvement whatsoever in this matter. In light of that fact, as well as the fact that the Pinion cannot be held vicariously liable for the actions or inactions of his subordinates,[2] plaintiff has stated no cognizable individual-capacity claim against Pinion.

Plaintiff also has not stated an official-capacity claim against Pinion. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Pinion would in reality be a claim against the local governmental body itself. However, in order to hold a local governmental body accountable for a constitutional

---

[2] An official cannot be held liable pursuant 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

violation, a plaintiff must allege that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference.  See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999).  Plaintiff does not allege that the purported constitutional violation in this case resulted from an official policy or custom.

New Orleans, Louisiana, this twenty-eighth day of March, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**